**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-2200**

SHABANI MUTOMBO,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-496-170)

Submitted: August 9, 2004         Decided: August 25, 2004

Before WIDENER, WILKINSON, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

P. Chinedu Nwaneri, NWANERI & ASSOCIATES, P.L.L.C., St. Paul, Minnesota, for Petitioner. Peter D. Keisler, Assistant Attorney General, Michelle E. Gorden, Senior Litigation Counsel, Thomas H. Tousley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shabani Mutombo, a native and citizen of the Democratic Republic of the Congo, petitions for review of the Board of Immigration Appeals' ("Board") order affirming an immigration judge's denial of his applications for asylum, withholding of removal, and protection pursuant to Article 3 of the United Nations' Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Mutombo challenges the Board's finding that he failed to demonstrate past persecution or a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We have reviewed the immigration judge's decision and the administrative record and find that the record supports the Board's conclusion that Mutombo failed to establish his eligibility for asylum on a protected ground. See 8 C.F.R. § 1208.13(a) (2003) (stating that the burden of proof is on the alien to establish his eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). As the Board's decision in this case is not manifestly contrary to law, we cannot grant the relief that Mutombo seeks.

Additionally, we uphold the denial of Mutombo's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting

asylum. <u>Chen v. INS</u>, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). Because Mutombo fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, we conclude that Mutombo has failed to prove that it is more likely than not that he would be subjected to torture upon his return to the Democratic Republic of the Congo, in violation of the Convention Against Torture. Based on our review of the record, we find that Mutombo failed to show a "clear probability of persecution" or to show that it is "more likely than not" that he would face torture if returned to the Democratic Republic of the Congo. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>